**STILWELL et al. v. HERTZ DRIVURSELF STATIONS, Inc.**

No. 9710.

United States Court of Appeals
Third Circuit.

Argued Nov. 3, 1948.

Decided March 21, 1949.

George E. Beechwood, of Philadelphia, Pa. (Bernard J. Smolens and Conlen, LaBrum & Beechwood, all of Philadelphia, Pa., on the brief), for appellant.

M. E. Maurer, of Philadelphia, Pa., for appellees.

Before BIGGS, Chief Judge and McLAUGHLIN and KALODNER, Circuit Judges.

KALODNER, Circuit Judge.

The plaintiffs, Leo F. Stilwell and Edward R. Roche, filed their complaint on

September 5, 1946, to recover from the defendant, who had been their employer, unpaid overtime compensation, liquidated damages, and attorney fees pursuant to Section 16(b) of the Fair Labor Standards Act of 1938, 52 Stat. 1060, 1069, 29 U.S.C.A. § 216(b). Upon the jury verdict for the plaintiffs, a judgment was entered, and following the denial of defendant's motion for judgment under Rule 50(b), Federal Rules of Civil Procedure, 28 U.S.C.A., or, in the alternative, for a new trial, this appeal was taken.

As to the plaintiff Roche, defendant contends that (a) a substantial portion of his claim is barred by the applicable statute of limitations; (b) he had signed a release relinquishing his rights under the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq., effective in view of Section 3 of the Portal-to-Portal Act of May 14, 1947, 61 Stat. 86, 29 U.S.C.A. § 253; (c) if the release is not a bar to all of Roche's rights, it is at least a waiver of his claim to liquidated damages; and (d) under general contract law, Roche may be held to his release since he did not restore the consideration therefor.

As to the plaintiffs Stilwell and Roche generally, defendant contends that judgment should have been entered in its favor for lack of evidence upon which the verdict could have been based. Further, it asserts that, in any event, a new trial should be ordered because (a) the verdict returned is not supported by the evidence; (b) the plaintiffs' computation of damages is based on incorrect hourly rates; and (c) plaintiffs' counsel made improper and prejudicial remarks to the jury. Finally, it is urged that the amount awarded as counsel fee is excessive.

 Undoubtedly, the defendant had, in the statute of limitations,[1] a good defense to a substantial portion of Roche's claim. Although the applicable statute was pleaded in defendant's answer, it cannot prevail on this appeal; not merely did defendant fail to include that defense as a ground for its motion for directed verdict,[2] but it further failed to request the court below to instruct the jury on the matter, and did not object to the omission from the charge of any reference to the statute.[3] Rule 51, Federal Rules of Civil Procedure. As we said in Alcaro v. Jean Jordeau, Inc., 3 Cir., 1943, 138 F.2d 767, at page 771:

"Rule 51 is designed to preclude counsel from assigning for error on appeal matter at trial which he did not fairly and timely call to the attention of the trial court."

The release upon which the defendant relies for its second defense against Roche's claim was executed on January 12, 1946.[4] It recites the existence of a

---

[1] The Fair Labor Standards Act of 1938 did not contain a limitation of actions provision. Accordingly, it has been held that the applicable statute of limitations is that of the state in which the forum is located. Republic Pictures Corp. v. Kappler, 8 Cir., 1945, 151 F. 2d 543, 545–546, 162 A.L.R. 228; Rockton & Rion Ry. v. Davis, 4 Cir., 1946, 159 F.2d 291, 293; Caldwell v. Alabama Dry Dock & Shipbuilding Co., 5 Cir., 1947, 161 F.2d 83, 85, certiorari denied 332 U.S. 759, 68 S.Ct. 59, 60. The pertinent statute in this case is that of Pennsylvania, 12 P.S. § 31, containing a six-year limitation. Section 6 of the Portal-to-Portal Act, 29 U.S.C.A. § 255, is a "Statute of Limitations" applicable to the Fair Labor Standards Act of 1938, but does not deal with actions commenced prior to May 14, 1947.

[2] The motion for directed verdict was general, and did not specifically state as a ground therefor the statute of limitations. Rule 50, Federal Rules of Civil Procedure.

[3] Cf. Dexter v. Hall, 1873, 15 Wall. 9, 28, 82 U.S. 9, 28, 21 L.Ed. 73. In at least one jurisdiction it has been held that such failure amounts to a waiver of the defense: National Bank of Commerce in St. Louis v. Laughlin, 1924, 305 Mo. 8, 264 S.W.2d 706, 717.

[4] "Whereas, a bona fide dispute has existed and now exists between Edw Roche and Hertz Drivurself Stations, Inc. (Eastern States), a Delaware Corporation, (1) as to whether the Fair Labor Standards Act was and is now applicable to the employment relationship between the said Edw Roche and said Hertz Drivurself Stations, Inc., (Eastern States), a Delaware corporation, during all or any portion of the period from October 1, 1938 to date, and (2) as to the number of overtime hours worked by the said Edw Roche if such act was and is applicable to the aforementioned em-

bona fide dispute between Roche and the defendant with respect to (1) coverage by the Fair Labor Standards Act, (2) the number of overtime hours worked by Roche, and (3) the amount of defendant's liability under the Act. Roche released the defendant of "any and all liabilities and claims of any kind" under the Fair Labor Standards Act which he might have by reason of overtime worked by him.

Without regard to the prior law,[5] the

defendant seeks to establish the validity of the release under Section 3 of the Portal-to-Portal Act of May 14, 1947, 61 Stat. 86, 29 U.S.C.A. § 253.[6] However, Section 3(a) of that statute expressly conditions the validity of a release of claims for overtime compensation upon the existence of "a bona fide dispute as to the amount payable". We do not think that condition is complied with in the instant case.[7]

---

ployment relationship, and also (3) as to the amount of liability of Hertz Drivurself Stations, (Eastern States), if any, under the Fair Labor Standards Act; and

"Whereas, Edw Roche and authorized representatives of Hertz Drivurself Stations, Inc., (Eastern States), a Delaware corporation, have discussed the possibility of settlement and compromise of said dispute; and

"Whereas, Edw Roche and Hertz Drivurself Stations, Inc., (Eastern States), a Delaware corporation, wish to settle all disputes and differences between them with respect to the dispute aforementioned and any, and all factions in and elements of said dispute.

"Now, therefore, in consideration of the sum of $134.16 paid by Hertz Drivurself Stations, Inc., (Eastern States), a Delaware corporation, to Edw Roche, the individual signing, executing and delivering this Receipt and Release, the receipt of said sum being herewith acknowledged, the undersigned hereby releases and discharges Hertz Drivurself Stations, Inc. (Eastern States), a Delaware corporation, from any and all liabilities and claims of any kind that the undersigned may have had or may now have by virtue of the existence or requirements of the Fair Labor Standards Act or otherwise by reason of any overtime worked by him for which remuneration might be due to him because of the existence or requirements of the Fair Labor Standards Act."

5 Cf. Brooklyn Savings Bank v. O'Neil, 1945, 324 U.S. 697, 65 S.Ct. 895, 89 L.Ed. 1296; D. A. Schulte, Inc., v. Gangi, 1946, 328 U.S. 108, 66 S.Ct. 925, 90 L. Ed. 1114, 167 A.L.R. 208.

6 "Section 253. Compromise of certain existing claims under the Fair Labor Standards Act of 1938, as amended * . * *

"(a) Any cause of action under the Fair Labor Standards Act of 1938, as amended * * * which accrued prior to May 14, 1947, or any action (whether instituted prior to or on or after May 14, 1947) to enforce such a cause

of action, may hereafter be compromised in whole or in part, if there exists a bona fide dispute as to the amount payable by the employer to his employee; except that no such action or cause of action may be so compromised to the extent that such compromise is based on an hourly wage rate less than the minimum required under such Act, or on a payment for overtime at a rate less than one and one-half times such minimum hourly wage rate.

"(b) Any employee may hereafter waive his right under the Fair Labor Standards Act of 1938, as amended, to liquidated damages, in whole or in part, with respect to activities engaged in prior to May 14, 1947.

"(c) Any such compromise or waiver, in the absence of fraud or duress, shall, according to the terms thereof, be a complete satisfaction of such cause of action and a complete bar to any action based on such cause of action.

"(d) The provisions of this section shall also be applicable to any compromise or waiver heretofore so made or given.

"(e) As used in this section, the term 'compromise' includes 'adjustment', 'settlement', and 'release'."

We have upheld the constitutionality, generally, of the Portal-to-Portal Act: Thomas v. Carnegie-Illinois Steel Corp., 3 Cir., 174 F.2d 711.

7 It should be noted that in neither Brooklyn Savings Bank v. O'Neil nor D. A. Schulte, Inc. v. Gangi, supra, note 5, was the Supreme Court faced with the question whether a bona fide dispute as to amount validated a release agreement. In none of the cases disposed of in the O'Neil decision was there a bona fide dispute; in the Gangi case there was only a bona fide dispute as to coverage. As we have pointed out above, however, the Portal-to-Portal Act, in Section 3(a), now lays down the rule that there may be a compromise "if there exists a bona fide dispute as to the amount payable by the employer to his employee".

The uncontradicted testimony of Roche was that in December of 1945, or January of 1946, over five years after he had left the defendant's employ, he received a letter from the defendant. Prior to the receipt of that letter, he had not made any claim against the defendant for unpaid overtime compensation, nor had he discussed the matter with the company, or ever had a dispute with the company concerning overtime compensation. As a consequence of the letter, he went to the offices of the defendant, and relying upon the statements therein contained, as well as the statements in the release, he signed the latter and received a check. On cross-examination, Roche stated that he had read the release. "With the exception of the recital in the release, there is nothing in the record which shows that the respondent's (plaintiff's) release was obtained as the result of the settlement of a bona fide dispute between the parties with respect to coverage or amount." Brooklyn Savings Bank v. O'Neil, 1945, 324 U.S. 697, 703, 65 S.Ct. 895, 900, 89 L.Ed. 1296. Patently, the release here is a filled-in mimeographed form.

The recital in the release of the existence of a "bona fide dispute" is, in our opinion, merely the declaration of a legal conclusion.[8] We think the uncontradicted testimony as to what actually took place prior to the signing of the release could not, as a matter of law, support such a conclusion.[9] Whatever else a compromise of claims under the Fair Labor Standards Act of 1938 within the meaning of Section 3 of the Portal-to-Portal Act might contain, the statutory condition to the validity of such a compromise, the existence of a "bona fide dispute as to the amount payable", must be met. Since that prerequisite is not satisfied in this case, we conclude that the release here in controversy is invalid.[10] Moreover, we do not agree with the argument, based on Section 3(b) of the Portal-to-Portal Act, that the release is nevertheless binding on Roche with respect to the matter of liquidated damages: the arrangement is entire and indivisible; the failure of so substantial a portion of it as relates to overtime compensation—the root of the agreement—pulls down with it the remainder.[11]

The defendant lastly asserts that Roche must be held to the terms of the release since he failed to restore the status quo by repaying what he had received. As to this, it need only be said that the defendant merely paid money, the amount of which can be, and was, credited in reduction of Roche's claim.[12]

The remaining contentions of the de-

[8] Cf. Hatfried, Inc., v. Commissioner, 3 Cir., 1947, 162 F.2d 628, 635; Orient Investment & Finance Co. v. Commissioner, 1948, 83 App.D.C. 74, 166 F.2d 601, 604, 3 A.L.R.2d 612; Commissioner of Internal Revenue v. Revere Land Co., 3 Cir., 1948, 169 F.2d 469, 480, certiorari denied 335 U.S. 853, 69 S.Ct. 82.

[9] Since by its verdict for Roche, the jury substantially credited his testimony, it would not have been at liberty to disbelieve his clear and uncontradicted testimony on this phase of the case. Cf., Chesapeake & Ohio Ry. Co. v. Martin, 1931, 283 U.S. 209, 216–220, 51 S.Ct. 453, 75 L.Ed. 983.

[10] It cannot be contended with avail that this issue was abandoned in the court below because it was not submitted to the jury and neither party made a request therefor. Since the attempted compromise does not come within the permissive terms of the statute, it is void, and it is not enforceable by the indirection of permitting the defendant to utilize it as a defense.

[11] McCloskey & Co. v. Eckart, 5 Cir., 1947, 164 F.2d 257, is distinguishable. In that case the plaintiff sought to recover liquidated damages after having executed a release agreement. At the time of the trial court's judgment, Brooklyn Savings Bank v. O'Neil and D. A. Schulte, Inc., v. Gangi, supra, note 5, were declarative of the law; the Portal-to-Portal Act became effective before the disposition of the appeal. However, the Court held the release binding, for the defendant had pleaded in its answer the existence of a bona fide dispute as to amount payable, and had denied any liability under the Fair Labor Standards Act of 1938 whatsoever, while the plaintiff apparently offered no proof on the issue. It may be noted, also, that in the instant case, the Portal-to-Portal Act was effective at the time of the trial.

[12] See Restatement of the Law of Contracts, Section 480(2) (c); Restatement of the Law of Restitution, Section 65(f).

**718**

fendant, directed generally to the verdict in favor of both plaintiffs do not require extended discussion. In our opinion, they are without merit. The record furnishes adequate ground for the jury's conclusion, and the testimony, of both the plaintiffs' and the defendant's witnesses, permitted, if it did not require, the conclusion that Stilwell and Roche were paid on the basis of a 54-hour work week.

Again, with respect to the charge that the plaintiffs' attorney made improper and prejudicial remarks, it should be noted that some controversy apparently exists as to what was said, and that controversy cannot be resolved because no complete record of the remarks was made. In any event, a reading of the charge to the jury discloses that the matter was adequately covered.

Finally, the defendant's exception to the amount of the fee awarded to the plaintiffs' attorney cannot be sustained. The question of fees is one for the exercise by the trial court of its sound discretion. In view of the fact that the attorney represented two plaintiffs, and the fact that the trial below spanned five days, we cannot say that the allowance clearly constituted an abuse of legal discretion by the learned trial judge.

For the reasons stated, the judgment of the court below will be affirmed.