AMERICAN LIFE INSURANCE
COMPANY, Plaintiff,

v.

Carlos D. PARRA; Asiat, S.A.; and the
Parkway Corporation, Defendants.

No. CIV.A.98–401–RRM.

United States District Court,
D. Delaware.

Feb. 25, 2002.

Stephen E. Jenkins, Regina A. Iorii, Ashby & Geddes, Wilmington, Delaware; Michael T. Sullivan, Marc A. Lebowitz, Sullivan & Worcester, LLP, New York, New York; counsel for plaintiff American Life Insurance Company.

Mark Minuti, Michael F. Bonkowski, Saul Ewing LLP, Wilmington, Delaware; Hector Torres, Harold G. Levison, Cindy Caranella Kelly, Kasowitz, Benson, Torres & Friedman, New York, New York; counsel for defendants Carlos D. Parra, ASI-AT, S.A., and Parkway Corporation.

## MEMORANDUM OPINION

McKELVIE, District Judge.

This is a contract case. Plaintiff American Life Insurance Company ("ALICO"), is a Delaware corporation. Defendants Carlos D. Parra, ASIAT S.A., and The Parkway Corporation are former agents of ALICO. Parra is a citizen of the Republic of Argentina and is the founder, president, and sole shareholder of ASIAT. ASIAT and Parkway are in the business of selling ALICO life insurance policies in Argentina and other Latin American countries. Both are corporations organized under the laws of the Republic of Uruguay.

Presently before the court are the parties' cross-motions to amend the court's October 14, 1999 Order in accordance with the July 6, 2001 opinion of the United States Court of Appeals for the Third Circuit. *See American Life Ins. Co. v. Parra,* 265 F.3d 1054, 2001 WL 899621 (Table) (3d Cir. July 6, 2001). The parties sharply disagree as to the effect of the Third Circuit's opinion on the court's earlier order in this case.

## I. BACKGROUND

While the background of this case is certainly circuitous and somewhat lengthy, it is not overly complex. In order to give the proper context to the parties' dispute, the court will review the relevant procedural history below.

On July 31, 1996, Parra and ASIAT (collectively, "Parra") initiated an arbitration proceeding against ALICO, alleging that ALICO breached certain agreements with Parra and ASIAT, and seeking damages for ALICO's alleged destruction of the Parra agency network and wrongful misappropriation of the Parra agency work force. The parties agreed to submit this dispute to arbitration pursuant to an arbitration clause in an agreement between the parties that was entered into on November 1, 1991.

In the original Statement of Claim submitted to the arbitration panel, Parra asserts claims against ALICO for tortious interference with prospective business opportunities, tortious interference with contractual relations, breach of oral agreement, breach of contract, breach of the covenant of good faith and fair dealing, unjust enrichment, equitable estoppel, and breach of fiduciary duty.

During the discovery phase of the arbitration proceeding, ALICO stated that it intended to rely on an October 1, 1994 General Release that was entered between ALICO and Parra as an affirmative defense to Parra's claims. On July 9, 1998, based upon a forum selection clause in the release, ALICO commenced an action in this court contending that the General Release precluded the claims that had been raised in the arbitration proceedings. In its complaint in this case, ALICO sought a declaration as to the validity of the release and an injunction enjoining Parra from prosecuting claims relating to agents in the arbitration proceeding that it alleged were covered by the release.

In response, Parra asserted as an affirmative defense that the General Release was void on the grounds that it was fraudulently induced and executed under duress. Parra also amended his Statement of Claim in the arbitration, adding separate claims based upon fraud and duress relating to the procurement of the release.

On November 16, 1998, this court granted ALICO's motion for a preliminary injunction, and enjoined the defendants from "arbitrating or taking any steps in furtherance of any attempts to arbitrate issues related to [the] release." As a result of this injunction, the arbitration panel postponed the arbitration proceedings.

From January 11, 1999 to January 13, 1999, the court held a jury trial on Parra's two affirmative defenses that the General Release was void for duress and fraud. On January 15, 1999, the jury returned its verdict, unanimously finding both that the release was obtained by ALICO through fraud and that the release was executed while Parra was under duress. In light of the jury verdict in his favor, Parra further amended the Statement of Claim before the arbitration Panel, stating with respect to his claims for fraudulent inducement and duress relating to the signing of the release that "ALICO is barred by the doctrine of res judicata and collateral estoppel from relitigating [these] Count[s], and the only issue to be determined is the amount of damages that [Parra] should be awarded . . . ."

During the trial, ALICO moved for judgment as a matter of law on the issues of fraud and duress. On January 27, 1999, ALICO renewed its motion for judgment as a matter of law on those issues. Alternatively, ALICO moved for a new trial. In an opinion dated October 14, 1999, the court found that (1) the evidence presented at trial was sufficient to support the jury's verdict that Parra was fraudulently induced to enter into the General Release and that the court would have reached the same result as the jury using its independent judgment; (2) the evidence presented at trial was insufficient to support the jury's verdict that Parra signed the General Release under duress;[1] and (3) that a new trial would not be granted. *See American Life Ins. Co. v. Parra*, 63 F.Supp.2d 480, (D.Del.1999). In accordance with these findings, the court vacated the preliminary injunction against the defendants in order to allow the arbitration to proceed.

On November 11, 1999, ALICO brought a motion before the court seeking a reinstatement of the preliminary injunction, an order that the arbitration could not proceed until Parra returned to ALICO the consideration received for the release, and "[a] determin[ation of] the issues which the parties are precluded from relitigating in a parallel arbitration . . . pursuant to the doctrines of res judicata and collateral estoppel." In its order disposing of ALICO's motion, as well as a motion to amend its October 14, 1999 opinion, the court stated, in part that:

2. "ALICO's Motion to Amend the Court's October 14, 1999 Opinion . . . is denied. The court will defer to the arbitrators to resolve the remaining disputes between the parties. The court retains jurisdiction over ALICO's claim that Parra should return the $127,292.30 that ALICO paid as consideration for the release, in the event the arbitrators do not decide this issue."

.    .    .    .    .

4. The parties are precluded from re-litigating whether the General Release in void for fraud. In its opinion, the court found that 1) ALICO misrepresented a material fact when Alex Fernandez told Parra that the company was terminating the IDB business at the end of 1994; 2) Fernandez knew or believed that his assertion was not in accord with the facts; 3) Fernandez made the assertion to induce Parra to sign the release; 4) Parra's reliance on the misrepresentation was justifiable; and 5) that Parra

---

1. This finding was based on a determination by the court that it erred when it instructed the jury that it could base its duress findings on a lawful but wrongful threats, or breaches of the duty of good faith and fair dealing.

The court found that although this broad view of duress is supported by certain sections of the Restatement, it is contrary to Delaware law.

was damaged as a result of the misrepresentation.

February 22, 2000 Order.

ALICO appealed several of this court's orders to the United States Court of Appeals for the Third Circuit. Specifically, it appealed the orders denying a new trial, refusing to grant judgment as a matter of law with respect to the jury's fraud verdict, and vacating the preliminary injunction, as well as the order denying a restatement of the preliminary injunction and addressing issue and claim preclusion. In its appeal, ALICO contended that it was entitled to a new trial, that it was entitled to judgment as a matter of law on the fraud issue, and that this court erred in vacating the preliminary injunction that had prevented Parra from pursuing arbitration.

ALICO then moved in this court for a reinstatement of the preliminary injunction pending its appeal, claiming that it would be irreparably harmed if the arbitration proceeding were allowed to proceed during the pendency of its appeal. The court denied ALICO's motion. On May 23, 2000, ALICO again sought to enjoin the arbitration proceedings from going forward, this time through a motion before the Third Circuit Court of Appeal. The Third Circuit denied ALICO's motion in an order dated June 12, 2000.

Beginning on July 6, 2000, the arbitration Panel heard evidence from 27 witnesses over the course of 30 days. At the close of arguments, the Panel determined to adjourn any final deliberation of the issues presented by the parties until after the Third Circuit disposed of ALICO's still pending appeal.

On July 6, 2001, the Third Circuit issued an opinion affirming in part, reversing in part, and remanding this court's October 14, 1999 order vacating the preliminary injunction with instructions to this court to amend that order in accordance with its opinion. *See American Life Ins. Co. v. Parra,* 265 F.3d 1054 (Table) (3d Cir.2001). The Third Circuit opinion affirmed this court's order denying ALICO's motion for judgment as a matter of law on fraudulent inducement and denied ALICO's motion for a new trial. The Third Circuit, however, did find merit in ALICO's argument that this court erred by holding that the contractual release at issue was void (rather than merely voidable) and by thereby vacating, without any further limitation, the preliminary injunction that had prevented Parra from pursuing arbitration. On this point, the Third Circuit stated:

> It is Delaware (and hombook) law that once the appellees succeeded on their fraudulent inducement claim, they were presented with a choice of remedy: they could either elect to rescind the contractual release at issue, or they could affirm it and sue for damages. *E.g., E.I. DuPont de Nemours and Co. v. Florida Evergreen Foliage,* 744 A.2d 457, 465 (Del.1999); *Brown v. SAP Am., Inc.,* No 98–507–SLR, 1999 WL 803888, at *9 (D.Del. Sept.13, 1999); *DiSabatino v. United States Fid. & Guar. Co.,* 635 F.Supp. 350, 352 (D.Del.1986).
>
> The appellees, however, are apparently attempting to gain the benefit of both remedies: on the one hand, they wish to sue for fraud damages in the pending arbitration, *see* J.A. A2127–30, and on the other hand, they wish to rescind the contractual release and therefore not be bound by its forum selection clause, which requires the appellees to pursue their claims in a court in Delaware, see *Am. Life. Ins. Co. v. Parra,* 25 F.Supp.2d 467, 476–77 (D.Del.1998). This the appellees cannot do. If they want to sue for fraudulent inducement damages, they must affirm the release and therefore proceed in Delaware

court, in accordance with the forum selection clause.

The District Court did not explicitly address this issue, as the court's order simply vacates the preliminary injunction, thereby allowing the appellees to pursue the arbitration without any limitations. Consequently, the order sweeps too broadly: the District Court must amend its order vacating the preliminary injunction to reflect the fact that the order will be effective only if the appellees abandon their claim of damages for fraudulent inducement in the pending arbitration proceeding. *American Life Ins. Co. v. Parra*, 265 F.3d 1054. On this limited basis, the Third Circuit remanded the case to this court to amend its order in accordance with the above statements.

Parra's arbitration against ALICO was concluded on November 7, 2000 and all post-hearing briefs were submitted by May 2001. The arbitration Panel, however, has ruled that it will await this court's decision on this issue before commencing deliberations in the arbitration. The court must now consider how to properly address the Third Circuit opinion in its amended order, an issue that, unsurprisingly in light of the above background, is vigorously disputed by the parties.

## II. RECENT PROCEDURAL HISTORY

On November 21, 2001, the court held a telephone conference with the parties, during which the parties set forth their positions with respect to the issues raised by the Third Circuit's opinion. The parties' contentions are more completely set forth in a series of correspondence between the parties and the court from October 29, 2001 to November 15, 2001 and in the briefing that accompanies the parties' subsequent cross-motions for an amended order. This section will briefly review those arguments.

After the Third Circuit's ruling, counsel for Parra submitted a letter to the court with a proposed amended order, which, in light of the Third Circuit decision, lifts the injunction and allows Parra to proceed with the arbitration so long as Parra's statement of claim before the arbitration panel is amended and the claim for fraudulently inducing Parra to enter the October 1, 1994 General Release is removed from the Panel's consideration. In response, on November 5, 2001, counsel for ALICO submitted a letter contending that the arbitration panel will be irreparably prejudiced against ALICO because the arbitration panel heard considerable evidence and hearings on the issue of fraud and the defendants' damage claims at arbitration were based largely on fraud, and that, therefore, the court should not merely allow the defendants to proceed with the arbitration, but instead must order the arbitration proceedings conducted last year to be deemed null and void.

ALICO further explained its position as to why the arbitration proceedings were prejudicial in letters submitted to the court on November 12 and 14, 2001. In those letters, ALICO argues that Parra's actual damages were "insignificant," but that at arbitration, Parra altered his focus to demand punitive damages based on its fraudulent inducement allegations. The damages that Parra is seeking at arbitration are roughly $60 million. Moreover, ALICO claims that the arbitration panel itself noted that it believed it was under an instruction from this court to assess the damages attributable to the fraudulent inducement. *See, e.g.*, Arbitration Hearing Tr. at 3576 ("our interpretation was the judge, by his order, has told us to make a determination on damages with respect to the jury's finding of fraud.").

Additionally, ALICO argues that "in light of the requirement that defendants rescind the release before pursuing claims in arbitration, the court should now require the defendants to return to ALICO the consideration ALICO paid defendants in exchange for the release, $127,292.30 plus interest thereon from October 1, 1994." ALICO argues that it had requested the fulfillment of this precondition to rescission earlier and that this court contemplated the return of the consideration should defendants prevail. *See* Pre–Trial Conference Tr., January 6, 1999 ("We're going to trial on those questions about the validity and enforceability of the release agreement itself. If they're successful on those defenses, I take it what will happen will be the release agreement will disappear, they'll give back the $127,000 and the parties will rumble back to arbitration."). The import of this argument is that Parra has reported to the court and the arbitration panel that he can not currently afford to repay the $127,292.30 plus interest. Thus, the effect of requiring him to pay that money in advance of allowing the arbitration proceedings to continue will be to block the arbitration from going forward.

Parra's letters of November 6, 13, and 15, 2001, address the arguments raised by ALICO in support of its proposed order. With respect to whether Parra must return the consideration that ALICO paid Parra in exchange for the fraudulently procured release before being allowed to proceed with the arbitration, Parra argues that it should be left to the panel's jurisdiction to determine the overall equities and notes that ALICO never counter-claimed for damages in this action, nor did ALICO assert a claim in this court for the $127,292.30. Parra further contends that it will be sufficient to return this money as a set-off against the total damage award from the arbitration.

Parra states that as a result of the fraud finding in this court, according to the Third Circuit's ruling, he could either (i) rescind the release, abandon the fraudulent inducement claim in the arbitration, and proceed on their other claims, or (ii) affirm the release and seek damages for fraudulent inducement of the release in federal court. Parra claims he chose the former when he informed the arbitration panel that he was choosing to rescind the release and to withdraw his claim for the fraudulent inducement of the release. Parra asserts that the arbitration between Parra and ALICO is ready to conclude and should be allowed to proceed now that a jury has found that ALICO's affirmative defense relating to the release is without merit. On this basis Parra urges the court to reject ALICO's attempt to declare the arbitration a nullity.

It is Parra's position that the only part of his claim that is affected by this decision to rescind the release is the fraudulent inducement claim. According to Parra, the effect of the proceedings in this court and the Third Circuit is to remove ALICO's defense of the release from the case, not Parra's other claims. Parra claims that ALICO's contention "that the decision to rescind the release should somehow negatively impact upon Parra's other claims in the arbitration is legally unsupportable, is contrary to the decision of the Third Circuit, and is contrary to common sense and fairness."

Parra also points out that arbitration panel took every precaution to avoid addressing the fraudulent inducement claim as related to the release until after the Third Circuit rendered a decision on ALICO's appeal. Consequently, Parra argues, ALICO's argument that the panel is prejudiced or tainted by the initial inclusion of the fraudulent inducement claim in the

statement of claim is without merit. Moreover, Parra notes that while it may not seek damages in the arbitration for ALICO's fraudulent procurement of the release, that fraud finding remains highly relevant and binding under the doctrines of res judicata and collateral estoppel in the arbitration proceeding independent of the fraudulent release claim and may be considered as evidence of "other wrongs" that may, for example, be admissible to prove "motive, opportunity, intent, preparation, [or] plan . . . ." Fed.R.Evid. 404(b).

The court has considered the parties' arguments made in their letters to the court, in their briefs in support of their cross-motions, and during the telephone conference oral argument. This is the court's decision on the parties' cross-motions.

## III. *DISCUSSION*

In pursuing his claim for fraudulent inducement at trial before this court, Parra had a choice; he could have elected as a remedy either to void the agreement or to sue for damages on the release agreement itself. Parra chose the former. At trial, Parra took the position that ALICO could not rely on the release to enjoin the arbitration proceedings because the release agreement was fraudulently procured and therefore void. Parra prevailed on that claim, and ALICO therefore lost the injunction that it was otherwise trying to enforce.

The parties agree that because Parra prevailed and chose to void the release agreement, Parra must return to ALICO the consideration exchanged pursuant to that agreement. They dispute, however, whether Parra must return the consideration as a precondition to continuing with the arbitration or whether Parra can continue with the arbitration and then return the consideration to ALICO by setting-off

that amount from the ultimate award of the arbitration panel. The parties further dispute what effect Parra's election to seek rescission of the General Release (instead of pursuing damages for fraudulent inducement) should have on the remainder of his claims before the arbitration panel.

Thus, the parties' cross-motions to amend the court's order present two issues for the court to resolve. First, the court must determine whether, in order to proceed with the arbitration, Parra must immediately pay to ALICO the $127,292.30 plus interest in consideration that ALICO had paid to Parra in exchange for the fraudulently obtained release that Parra has elected to void. Next, in fashioning its amended order, the court must determine to what extent Parra can pursue his other claims (aside from the fraudulent inducement claim) in the ongoing arbitration.

A. *Should the Court Prohibit Parra From Continuing with the Arbitration Until Parra Returns the Consideration Received from ALICO in Exchange for the Release?*

1. *The Parties' Positions*

ALICO argues that the Third Circuit's determination that the release is voidable and not void establishes that the General Release, including its forum selection clause, is still in full effect and will remain in force until the defendants rescind by tendering back the consideration received for the release. *See* 12 Samuel Williston, *A Treatise on the Law of Contracts,* § 1460 (3d ed.1970) ("rescission is not allowable . . . in an action at law unless the party seeking to rescind can and does first restore or offer to restore anything of value he has received under the contract."). It asserts that Parra's attempt to continue with the arbitration is an impermissible attempt to obtain both damages and rescission, and reasons that if Parra

chooses rescission, he must put ALICO back in the position it was in before it entered into the release by tendering to them the consideration exchanged for the rescinded release. *See* Williston, *supra,* at § 1525A ("One who has been induced by fraud to enter into a contract may either rescind the contract and recover what he has parted with or affirm the contract and sue for damages caused by the fraud. He cannot do both, because the two remedies are inconsistent and mutually exclusive."); *Assoc. Hardware Supply Co. v. The Big Wheel Distrib. Co.,* 355 F.2d 114, 120 (3d Cir.1965) ("Traditionally a person ... defrauded [by fraud in the inducement] has recourse against the fraudulent party through either of two courses of action. He may rescind the transaction—tendering back what he has received and suing for what he has parted with—or he may affirm the transaction and maintain an action in deceit."); *see also Allied Erecting & Dismantling Co. v. USX Corp.,* 249 F.3d 191, 199 (3d Cir.2001) ("once fraudulent inducement is alleged the party must either return the consideration or abandon the claim"). Until then, ALICO contends, Parra may not arbitrate issues that are covered by the release. ALICO further argues that it would be impermissible, under the Third Circuit's ruling and the terms of the Release's forum selection clause, to allow the arbitration panel to resolve this issue by setting off from the total damages awarded to Parra the amount owed by Parra to ALICO.

In response, Parra contends that the Third Circuit's ruling does not compel the imposition of a requirement that Parra return the consideration received for the release before the arbitration may proceed. Parra argues that such a requirement would be contrary to legal and equitable principles.

The release at issue related to Parra's contractual rights to receive commissions and bonuses based on the sales of ALICO insurance products by the four released agents. Parra explains that while he is obligated to tender back the consideration, ALICO is also required to remit to Parra the income that he would have received from these agents from the time the release came into effect and to restore the contractual relationship between Parra and the agents that were destroyed by the release. According to Parra, these restitutionary damages far exceed the $127,292.30 that ALICO paid to Parra as purported consideration for the fraudulently obtained release.

Parra concludes that since the goal of rescission is to restore the parties to the *status quo ante,* a party seeking rescission is not obligated to return the consideration where he would be owed a greater amount of money as a result of the rescission than the money he was paid in consideration. In such cases, Parra contends, it is well established that the rescission can be accomplished through a set-off. *See* Restatement (First) of Restitution § 65(f), cmt. e (1936) ("If what has been received is merely money which can be credited upon the amount which will be paid to the transferor, it is unnecessary to require him to offer to repay it."); *Stilwell v. Hertz Drivurself Stations, Inc.,* 174 F.2d 714, 717 (3d Cir.1949) (rejecting defendant's claim that terms of release must govern because plaintiff failed to restore status quo and concluding that "it need only be said that the defendant merely paid money, the amount of which can be, and was, credited in reduction of [the plaintiff's] claim"); *DiSabatino v. United States Fidelity & Guaranty,* 635 F.Supp. 350, 356 (D.Del. 1986) (finding that in case of a settling tort claimant seeking to void the settlement based on fraud or duress, the "plaintiff should be permitted to retain the settle-

ment amount in the ensuing fraud action, and to deduct that amount from the final amount of damages"). Last, as a matter of equity, Parra notes if the court accepts ALICO's arguments, it would effectively punish the victim of the fraud and reward ALICO, the party who committed the fraud, by preventing the arbitration from going forward.

### 2. The Court's Decision

█ This case has a peculiar procedural history. Due to the respective forum selection clauses in the original contract between Parra and ALICO and the General Release, Parra had to proceed in two forums—the arbitration and this court—in order to seek relief for the harm caused by ALICO's alleged misconduct. The cases cited by ALICO stand for the general proposition that a party who is suing another for fraudulent inducement must elect a remedy and either rescind the contract or sue for damages on the contract. But Parra has done so here.

Parra has elected to rescind the contract and will not pursue damages for fraudulently obtaining the release. The purpose of the January 1999 jury trial before this court was to obtain a finding that entitled Parra to void the General Release and to proceed with the arbitration. Although Parra erroneously added a claim in the arbitration for damages based on the fraudulent procurement of the release, Parra has since reported to the court that he had amended his claim before the arbitration panel and would not seek damages there for the fraudulent procurement of the release. This was exactly what the Third Circuit was demanding when it stated that "the District Court must amend its order vacating the preliminary injunction to reflect the fact that the order will be effective only if the appellees abandon their claim of damages for fraudulent in-

ducement in the pending arbitration proceeding." Therefore, the Third Circuit's concern that if Parra were allowed to continue with the arbitration as it was previously defined, he would "gain the benefit of both remedies," has been alleviated.

What Parra has not yet done is return the consideration that he obtained from ALICO in exchange for the fraudulently obtained release. The remedy of rescission provides for the undoing of a contract by putting the parties back in the position that they were in before the contract. *Norton v. Poplos*, 443 A.2d 1, 4 (Del.1982) ("The equitable remedy of rescission results in abrogation or 'unmaking of an agreement,' and attempts to return the parties to the status quo."). Naturally, as a general proposition, the law should not allow the party rescinding the contract to appropriate the benefits of the contract (i.e. the consideration received for entering it) while at the same time denying its attendant obligations. However, the court hesitates to apply that general principle to this case, because the forum selection clause in the release is being used by ALICO to "hold the arbitration hostage" to the repayment of $127,292.30. Moreover, Parra has conceded that he must repay the consideration owed to ALICO and has offered to do so as a set-off from his damages award in the arbitration. *See* Williston, *supra* at § 1460 (stating that an *offer* to restore any consideration under the contract is sufficient to allow rescission) (emphasis added).

Both parties agree that ALICO must be paid this money; all that the parties currently dispute as to the $127,292.30 is the timing of the payment. The purpose of requiring the rescinding party, here Parra, to return the consideration obtained in the transaction that is being rescinded is to "prevent enrichment by the rescinding party at the expense of the other." Re-

statement (First) of Restitution § 65(f), cmt. e (1936); *see also Fleming v. United States Postal Service,* 27 F.3d 259, 261 (7th Cir.1994) ("The tender requirement is not a remedy. It is a protection for defendants ...."). The court finds that this purpose will not be frustrated by allowing the arbitration to proceed, so long as the proper safeguards are put in place to ensure that ALICO's claim for the money owed to it will be preserved.

While the cases cited by Parra regarding the appropriateness of using a set-off to return the original consideration to ALICO do not compel this conclusion, those cases along with the illustrations to comment e of § 65(f) of the Restatement (First) of Restitution do indicate that rescission may, in the interests of equity and practicality, be completed in a flexible manner. For example, *DiSabatino,* 635 F.Supp. 350, was a case involving the fraudulent procurement of a release from a tort claim. There, this court stated that because "in many cases, [tort] plaintiffs have spent much, if not all, of the settlement sum on necessities before discovering the fraud .... [, t]he plaintiff should be permitted to retain the settlement amount in the ensuing fraud action, and to deduct that amount from the final amount of damages." *Id.* at 356. In another line of cases involving fraudulent procurement of releases for claims governed by federal statutes, court have noted that "the common law rule requiring tender as a prerequisite to rescission may have to give way." *Fleming,* 27 F.3d at 261 (collecting cases); *see also Stilwell,* 174 F.2d at 717 (rejecting claim that Federal Labor Standards claim was released because plaintiff did not return consideration received under release before proceeding with claim, noting that "it need only be said that the defendant merely paid money, the amount of which can be, and was, credited in reduction of [plaintiff's] claim"). In *Fleming,* which involved a worker seeking to rescind a re-lease of Title VII claims, the court found that the common law tender requirement remained applicable because there were no allegations that the release was fraudulently obtained. However, with respect to releases that were fraudulently procured, the court stated that:

> Of course a worker who has executed a void [or fraudulently executed] release should not be barred from challenging it by his inability to tender back the consideration received, as the effect would be to make the release enforceable as a practical matter.

*Id.*

These cases indicate that courts, where appropriate, have varied the timing of the common law requirement of immediate tender. In this case, the court finds that such a departure is warranted. Adopting ALICO's position would yield a perverse result: Even though Parra has obtained a judgment that the release at issue was procured by fraud, he nonetheless would be barred from proceeding to obtain the relief he seeks by reason of his current inability to tender back the consideration that he had received for the release. Thus, effectively, even though the release has been found to have been procured by fraud, it would have the same effect on Parra's claims as if the jury had found the release to be valid and binding. Given that ALICO's claim for the consideration plus interest is not disputed by Parra and will in any event be preserved, it would be unfair to prevent Parra from seeking relief under his claims.

The court's determination is also driven by the fact that, although elements of the case have taken place and continue to take place in different forums, the dispute between Parra and ALICO should not be prevented from reaching resolution due to a technicality in the timing of Parra's payment to ALICO. If the entire dispute were before this court, and the first step

that Parra had to take to proceed with his claims was to challenge the validity of the release, the court would not stop the proceedings at that point and force Parra to pay ALICO the consideration of the release before proceeding with his claims against ALICO. Rather, in the interests of fairness and common sense, the court would allow Parra to simply offset his ultimate recovery by the amount of the consideration owed to ALICO. In the event that Parra's ultimate recovery were less than that amount, ALICO could then seek to recover the amount owed to it. In this way, the interest of ALICO in preventing Parra's excessive recovery is fully protected, while the interest of Parra in seeking resolution of his claims is also protected. The court sees no reason to change this approach in the current situation in which portions of the case are before the arbitration panel.

ALICO claims that should the court allow the arbitration to go forward before requiring Parra to pay the consideration back to ALICO, it will be impermissibly delegating its authority over the fraudulent procurement claim to the arbitration panel. That is not the case. The issues relating to the fraudulent procurement claim have already been decided in this court and should not be the subject of the arbitration panel's damages award. The court's order will simply require the arbitration panel to perform an accounting at the end of their damages award, in order to set-off the money owed to ALICO. Should the panel's award to Parra be less than the money owed to ALICO, the court will retain jurisdiction over ALICO's claim for recovery.

B. *Should the Court Narrow the Scope of the Arbitration Any Further Than By Requiring Parra to Withdraw His Claim for Fraudulent Procurement of the Release?*

■ The court must next decide what effect the Third Circuit's opinion should have on the scope of the arbitration. ALICO contends that the arbitration proceedings conducted thus far "should be discarded and new hearings ordered from which any reference to fraud in procuring the Release is barred." ALICO bases this argument on its assertion that the arbitration proceedings already conducted have been irreparably tainted by the inclusion of the fraudulent inducement claim. Parra asserts that all that is required by the Third Circuit's opinion is the withdrawal of his claim for the release-related fraud damages. Since he has already done so, he contends that no further modification to the arbitration proceedings is required.

After finding that the law mandates that a party asserting fraudulent inducement may either choose to rescind the contract or affirm the contract and pursue damages, the Third Circuit directed this court to "amend its order ... to reflect the fact that the order will be effective only if the appellees abandon their claim of damages for fraudulent inducement in the pending arbitration proceeding." Thus, the Third Circuit ordered this court that in vacating the preliminary injunction that had stayed the arbitration proceedings, the court must add a new injunction to limit the scope of what can be subject to arbitration such that the arbitration panel will not include damages for fraudulent inducement in the contract that was the subject of the action before this court. The Third Circuit's opinion did not require this court to further modify the scope of the arbitration in any other manner nor did it require this court to proclaim the year-long arbitration proceedings to be null and void. The inability of Parra to seek fraud damages, based on his choice to instead seek rescission as a remedy before this court, should in no way diminish his ability to seek full damages with respect to all of his non-

fraudulent inducement claims in the arbitration.

The parties' briefing extensively discusses the evidentiary hearings and arguments made to the arbitration panel thus far. Those matters are properly before the arbitration panel and are not before this court. Based on the Third Circuit opinion and this opinion, the panel is surely aware that it may not award Parra damages based on Parra's fraudulent inducement claim. This court will require only that Parra withdraw his fraudulent inducement claim. The balance of the matters at issue in the arbitration shall be left in the capable hands of the arbitration panel.

## IV. CONCLUSION

For the reasons set forth above, the court finds that the immediate return of the $127,292.30 is not required as a precondition to the continuation of the arbitration proceedings. Parra must return that money to ALICO as a set-off from any damage award from the arbitration panel. In the event that the damage award is less than the sum owed to ALICO, ALICO may then seek to recover the amount owed to it in this court.

Furthermore, the court finds that compliance with the Third Circuit's remand order requires only that the court issue an order stating that based on the trial and Parra's election to void the release agreement, as a condition to lifting the injunction of the arbitration proceedings, Parra must withdraw its fraudulent inducement claim and abandon his claim of damages for that claim in the arbitration proceeding.

The court will enter an amended order in accordance with this memorandum opinion.